dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
     Of Attorneys for Plaintiff David Kim

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DAVID KIM**, and **ESTHER KIM**, individually, and as guardian ad litem for **EK**, her minor child, <br><br> **PLAINTIFFS**, <br><br> v. <br><br> **BEAVERTON SCHOOL DISTRICT 48J**, <br><br> **DEFENDANT**. | Case No. 3:20-cv-2025 <br><br> **COMPLAINT** <br> (Title II of the ADA, Section 504 of the Rehabilitation Act of 1973; pendant state claim) <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs bring this cause of action against Defendant and allege as follows:

## I. NATURE OF THE ACTION

1.     This is an action for damages, including compensatory damages, equitable relief,

including injunctive and declaratory relief, and attorney fees and costs, to redress violations of

Title II of the Americans With Disabilities Act (hereafter ADA), 42 U.S.C. § 12132 *et seq*., for violations of Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq*., and for a pendent Oregon statutory claim, Discrimination in Places of Public Accommodations.

2.    Through its acts, conduct, policies and practices, Defendant discriminated and has continued to discriminate against Plaintiff David Kim, a person with disabilities. Plaintiff Esther Kim and their daughter, EK, have experienced collateral discrimination.

3.    Defendant discriminated against Plaintiffs in the following ways: by denying and failing to provide David Kim adequate access to its disabled parking spaces which he needs access to as an accommodation for his disability; by failing to assess David Kim's need for accommodations; for failing to engage in an interactive process with David Kim; by failing to modify policies and procedures to accommodate David Kim; by failing to notify Plaintiff David Kim of his right to request accommodations; by failing to refer Plaintiff David Kim to its ADA coordinator; by embarrassing each of the Plaintiffs, by disclosing private facts about David Kim to the public and to his daughter, EK; by effectively excluding David Kim's daughter, EK, from attending school; by stigmatizing David Kim's disability; by stigmatizing Esther Kim and EK; and failing to foster an environment in which Plaintiffs were able to receive the district's services on equal terms with nondisabled persons. As a result of Defendant's discrimination against David Kim, the Plaintiffs experienced emotional distress; EK experienced a negative and unwelcome change in the terms and conditions of her status as a student enrolled in Defendant District; David and Esther Kim have had to home school EK.

4.    As a result of Defendant's discriminatory conduct, acts, policies, and practices, all Plaintiffs have experienced the following harms:

    (a)    Plaintiffs have been denied accommodations;

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

(b)      Defendant's discriminatory conduct has been offensive and embarrassing to Plaintiffs; and

(c)      Defendant's conduct has damaged Plaintiffs.

## II. JURISDICTION

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question).

6.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because the claim or a substantial part of the events giving rise to the claims herein occurred or arose in this Judicial District.

## III. PARTIES

7.      Defendant Beaverton School District 48J (hereinafter "District" or "Defendant") is an Oregon school district. Said Defendant provides educational instruction to students primarily in Beaverton, Oregon. Said Defendant owns and operates a number of public schools in its school district including, but not limited to, Nancy Ryles Elementary School, located at 10250 SW Cormorant Drive, Beaverton, Oregon 97007.

8.      At all times material, Nancy Ryles Elementary School had a vehicle parking lot for the use of parents, their children, and other visitors. At all times material said parking lot had two marked disabled parking spaces.

9.      Said Defendant is a recipient of federal financial assistance. Defendant is subject to Section 504 of the Rehabilitation Act of 1973.

10.      At all times relevant, Plaintiffs David and Esther Kim and their children are and were residents of Beaverton, Washington County, Oregon. Plaintiff David Kim, Plaintiff Esther Kim, and their female minor children, EK and EK, are citizens of the United States of America.

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

11.    Both EK and EK are or were students in Defendant's school district. Plaintiffs' older daughter, EK, is a former student at Nancy Ryles Elementary School and is currently attending another school in Defendant District. Their younger daughter, EK, began attending Nancy Ryles Elementary School as a kindergarten student at the start of the 2019/2020 school year.

12.    Plaintiff David Kim is a qualified individual with a disability. Beginning in 2011, Plaintiff David Kim had a series of three surgical procedures on his right knee. Because of his knee disorder and poor surgical outcome, Plaintiff David Kim became disabled in his right knee. Plaintiff David Kim wears a knee brace every day and uses a cane to assist with walking. David Kim has a permanent condition to his right knee that substantially impairs his ability to stand, walk, run, carry, and sit.

13.    Plaintiff David Kim also suffers from a heart failure characterized by angina. Plaintiff David Kim also suffers permanent impairment of his lungs. Those disabilities also substantially impair his ability to stand, walk, run, and carry.

14.    The racial background of Plaintiff David Kim, Plaintiff Esther Kim, and their children is Asian. Plaintiff David and Plaintiff Esther Kim's national origin was in the Republic of South Korea. Both David and Esther Kim speak Korean as their first language. Their second language is English.

15.    At all times material, David and Esther Kim either have or are pursuing academic theological degrees. David Kim is a formally trained pastor. Esther Kim is a church pianist and is training to be a pastor.

16.    David Kim has a Master of Divinity Degree from George Fox Evangelical Seminary in Portland, Oregon. Before coming to the United States to reside, David Kim was

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

awarded a Bachelor of Arts Degree in Biblical Theology/Counseling from Korean Bible University and a graduate degree in Christian Counseling from A.C.T.S. Asian Center for Theological Studies and Mission in South Korea. David Kim is currently a student in the Master of Theology and Seminary Program at Portland Seminary in Portland, Oregon.

17.     Esther Kim is a suitable person to serve as the guardian ad litem for her daughter, EK. Esther Kim's educational background includes receiving a Bachelor of Music Degree in Piano Performance from Dankook University, and a Bachelor of Music in Piano Performance and Church Music from Chongshin University, a Christian university in Seoul, Korea. Esther Kim is currently a student in the Master of Divinity Degree program at George Fox Evangelical Seminary in Portland, Oregon. She is employed as a church pianist while attending her Masters of Divinity program.

18.     Although Defendant was aware David Kim suffered from a disability, denied him requested accommodation, was aware that David Kim was having difficulty obtaining accommodations, and was aware that Jane Roche and Joseph Hess were harassing Plaintiff, Defendant failed to engage in a good-faith interactive process and failed to refer Plaintiff David Kim and Plaintiff Esther Kim to Defendant's ADA Coordinator for assistance with obtaining Plaintiff David Kim access to disabled parking spaces and getting their child enrolled into another District school.

19.     Kari McGatha is the Beaverton School District ADA Coordinator. To Plaintiffs' best knowledge, McGatha's current title with Defendant is facilities accessibility coordinator. Plaintiffs were never referred to the ADA Coordinator to assist with Defendant's failure to accommodate.

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

20.     Defendant acts through its employees. All of the acts of Defendant's employees as described herein were within the course and scope of their employment with Defendant. Said employees include school secretary, Peggy Burg, para-educator Jane Roche, physical education teacher Joseph Hess, Board Chairperson Becky Tymchuk, Principal Monica Arbow, Executive Administrator for Elementary Schools Kathleen Skidmore, school secretary Jessie Newsom, and Deputy Superintendent Ginny Hansmann.

## IV. GENERAL FACTUAL ALLEGATIONS

21.     As stated above, Plaintiff David Kim has multiple disabilities including impairment of his heart, lungs, and right knee. In 2014, at the recommendation of Plaintiff David Kim's physician, the State of Oregon Department Transportation, Department of Motor Vehicles (DMV), issued a disabled parking permit placard to Plaintiff David Kim. David Kim was instructed to prominently display the disabled parking placard in his automobile. That disabled parking placard entitles Plaintiff David Kim to park in designated disabled parking spaces in places open to the public in Oregon. At all times material, Plaintiff David Kim has and always does prominently display the disabled placard from the rearview mirror mounted inside the windscreen of the automobile he operates.

22.     Plaintiffs David and Esther Kim are quiet, polite, and very interested in their children's education. Because their older daughter had attended Nancy Ryles Elementary school, Plaintiffs David and Esther Kim became acquainted with some of both the office and teaching staff members at Nancy Ryles Elementary who worked at the school while their older daughter was a student there. Until September 2014, David and Esther Kim believed that they had a good relationship with school staff.

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

23.    The entire time that David and Esther Kim's daughters attended Nancy Ryles Elementary School, David Kim and Esther Kim dropped off their children and picked up their children at Nancy Ryles Elementary school using their personal automobile. David Kim typically drove the car. Beginning in 2014, and at all times material herein, Plaintiff David Kim used or attempted to use one of the two disabled parking stalls located in the school parking lot to park his automobile when dropping off and picking up his daughters at Nancy Ryles Elementary School.

24.    Since 2014, it would be obvious to anyone seeing David and Esther Kim's automobile approaching the school that the automobile should have access to the school's designated disabled parking because David Kim always displayed the disabled parking placard prominently on his rear-view mirror. David Kim also established a custom to use the disabled parking stalls every day he went to the school. Until September 23, 2014, David Kim always entered the school parking lot to park in a disabled space to drop off and pick up his daughters.

25.    It would be obvious to anyone observing David Kim walk that he has a disability of his right leg. Although his knee brace is typically covered by his trousers, at all times material, David Kim's ability to walk is impaired and he used a cane to ambulate in the school parking lot and into the school when dropping off and picking up his daughters.

26.    In the fall term of 2019, David and Esther Kim's younger daughter, EK, who was six years old, began kindergarten at Nancy Ryles Elementary. Although David Kim was initially able to access the disabled parking spaces at the school in fall term 2019, on or about September 23, 2019, Defendant began blocking his access to the disabled parking spaces.

27.    In September 2019, during approximately the first week of school, Defendant placed a sign at the entrance to the driveway which leads to the Nancy Ryles Elementary school

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

parking lot. The sign notified that entrance was restricted to school staff and buses. Despite the

presence of that sign, until September 23, 2019, school staff admitted Plaintiff David Kim's

automobile into the parking lot so that he could park in one of the disabled parking stalls.

However, on multiple occasions on and between September 23 and November 4, 2019, and

thereafter, Plaintiff David Kim was denied use of the disabled parking stalls at Nancy Ryles

Elementary School to drop off and pick up his six-year-old daughter, EK, before and after her

kindergarten class.

28.     On mid-afternoon, Monday, September 23, 2019, David Kim and Esther Kim

drove to Nancy Ryles Elementary School before school dismissed students from classes to pick

up EK. As David and Esther Kim approached the entrance to the school to park in a disabled

parking stall, a female Caucasian staff member, who David and Esther Kim did not know,

admitted the vehicle entering the parking lot in front of David and Esther Kim's automobile. The

vehicle that the Caucasian staff member admitted into the lot was driven by a Caucasian driver.

As Plaintiff David Kim tried to follow the Caucasian driver into the lot, a female Caucasian

person who appeared to be a staff member stepped in front of his automobile with the sign that

read school staff and buses only. The staff member barred David Kim's admittance to the

parking lot. Much later, David and Esther Kim learned that this staff member was Jane Roche.

The staff member directed Plaintiff David Kim to park outside the school property on the street.

Plaintiff David Kim explained to the staff member that he was the parent of a kindergarten

student, that he was there to pick up his daughter, and that he needed to park in the disabled

parking space rather than on the street. David Kim showed the staff member his official disabled

parking pass. That staff member said "No. You cannot come in." Plaintiff David Kim asked the

staff member why she had admitted the vehicle in front of him into the parking lot. The staff

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

member said "I know the owner of the other car." Plaintiff David Kim then parked on the public

street on the South side of Cormorant Drive, which is off school property. Esther Kim then

walked onto the school property to escort their daughter, EK, to their car.

29.     On Tuesday, September 24, 2019, Plaintiff David Kim returned to Nancy Ryles

Elementary School to pick up his daughter. The driveway to school was already blocked with a

sign limiting admittance. The same staff member from the prior day motioned Plaintiff David

Kim away and would not let him park in the disabled parking space. Plaintiff David Kim then

stopped his automobile on the public street, off school property. David Kim stopped his

automobile on the South side of Cormorant Drive and sat with the engine running while Esther

Kim went to retrieve EK. As David Kim was waiting for Esther Kim to retrieve EK, the same

staff member from the prior day came up to Plaintiff David Kim as he sat in his automobile. The

staff member knocked on Plaintiff David Kim's passenger side window and made a cranking

motion for him to lower the passenger side window. Plaintiff David Kim complied and

electronically lowered the window. The staff member directed Plaintiff David Kim to move his

car. Plaintiff David Kim asked the staff member what her position was with the school. The staff

member identified herself only as "I work here," causing David Kim to believe that she was an

employee of Nancy Ryles Elementary. Plaintiff David Kim told the staff member that there was

nowhere else for him to move his automobile to at that time since all other parking along the

South side of Cormorant Drive was taken by vehicles occupied by other waiting parents. Plaintiff

David Kim said please be patient, my wife and child would be returning in a minute, and then we

will leave. The staff member again told him to move his automobile and to wait somewhere else.

Plaintiff David Kim replied "I am disabled. I cannot walk far away. I just stopped. I am not

parking. This is a public parking spot." The staff member said "You can't park like this even if

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

you are disabled." Around that time, Esther Kim and EK were walking toward his car. The staff member again repeated in a louder voice "Move it! I said you can't park like this even if you are disabled." As this discussion was occurring, other vehicles were leaving since some parents had already retrieved their children thereby causing parking spaces to open up ahead of him along the street; David Kim told the staff member that he would move his car forward. Instead of allowing David Kim to drive forward, the staff member irrationally reached into the car and held onto the passenger side frame of the open window. The staff member said "Again you can't park like this even if you are disabled." The staff member's conduct embarrassed David Kim in front of Esther Kim and EK who by then had reached the automobile and were listening to the staff members rant. This was upsetting to EK since David and Esther Kim had not told EK that David Kim was disabled. The staff member eventually let go of the window frame, David Kim moved his car forward, Esther Kim and EK entered the car, and they left.

30.    On September 23, 2019, following David and Esther Kim's unpleasant interaction with the staff member, Plaintiff David Kim contacted the school office at Nancy Ryles Elementary School by telephone to report what had occurred. The telephone was answered by school staff member, Peggy Burg. David and Esther Kim knew Ms. Burg somewhat during the time their older daughter had attended Nancy Ryles Elementary. Plaintiff David Kim explained to Ms. Burg that he had been denied access to the disabled parking spot for two days by a school staff member, that he did not know the staff member, that day he had been waiting with his engine idling in a street parking space along the South side of Cormorant Drive when he was contacted by the school staff member who had embarrassed him in front of his wife, daughter, and other parents by grabbing onto the window frame of his car, preventing him from moving his car, and announcing that he was disabled. Ms. Burg was sympathetic and told Plaintiff David

PAGE 10 – COMPLAINT AND DEMAND FOR
JURY TRIAL

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

Kim that this should not have happened. Ms. Burg then said, "I don't know who that person is that you are describing. If she is a volunteer, then we cannot help you. But if she is staff or a teacher we can handle this matter for you. The next time when you see her again, please ask her for her name and position with the school and let us know." Plaintiff David Kim said he would ask the female staff member for her name if he saw her again and thanked Ms. Burg for her advice.

31.     On Wednesday, September 25, 2019, Plaintiff David Kim went back to Nancy Ryles Elementary School to pick up his daughter. Plaintiff David Kim was again unable to access the disabled parking spaces in the school parking lot because the school had again placed a sign in the driveway limiting access and the same staff member from the prior two days waved him off and would not let him enter the lot. Plaintiff David Kim again parked on the public street in front of the school. After parking his car, Plaintiff David Kim walked over to the staff member who had spoken to him the day before. Plaintiff David Kim politely asked the staff member whether she was a teacher or a volunteer and what her name was. The person replied that she was a staff member but did not say her name. The staff member then loudly yelled or shouted at Plaintiff David Kim in front of other parents and children, "Why do you need my name? Why are you asking? What do you want from me? You can't park like you did yesterday even you are disabled." Plaintiff David Kim said, "Please stop mentioning my disability." The staff member continued to yell those words loudly in front of the other parents, further embarrassing Plaintiff David Kim. One of the parents heard the staff member asked Plaintiff David Kim what happened to him "yesterday." The staff member then yelled out to Plaintiff David Kim "If you have a problem with me, then you need to contact the principal." The staff member's shouting and speech continued to embarrass Plaintiff David Kim. David Kim explained he was simply asking

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

for the staff member's name because he had been advised by the school office to do so. While the staff member was shouting at him, Plaintiff David Kim began having angina pain in his chest as well as problems breathing. He walked away from the staff member and was trying to walk back to his car as quickly as possible to get his emergency inhaler. As Plaintiff David Kim was walking back to his car, the staff member taunted him, yelling in a louder voice in the presence of other students and parents, "Who are you going to call? The Principal or what?" At that time, another staff member, Nancy Ryles Physical Education teacher, Joseph Hess, also a Caucasian person, who had not been a party to the conversation between David Kim and Jane Roche, began shouting as Plaintiff David Kim was trying to return to his car to get his emergency inhaler. Hess shouted "Sir! Stay away from her and be respectful, keep walking, keep walking. Good job! Thank you!" as if he were a naughty child. Hess's conduct further embarrassed Plaintiff David Kim in front of his wife, daughter, other students, parents, and staff. Plaintiffs left the school feeling shamed, shaken, and upset by their experience. David Kim had continuing chest pain and breathing difficulties.

32.      On Wednesday, September 25, 2019, around 4:00 p.m., Plaintiff David Kim called the District administrative offices and requested assistance with the problem at Nancy Ryles Elementary School. The receptionist connected Plaintiff David Kim directly to District School Board Chairperson Becky Tymchuck. Plaintiff David Kim told Board Chair Tymchuck that he was a parent of a kindergarten student at Nancy Ryles Elementary, that had a disability, that he had a disabled parking placard, that until recently he was able to park in the disabled parking spaces at Nancy Ryles Elementary when dropping off and picking up his daughters at school, but that he was now unable to use the disabled parking spaces to drop off and pick up his daughter because a staff member would not let him into the lot. Plaintiff David Kim described

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

the aggressive behavior of the staff member that she called him out for having a disability that

she grabbed onto his car. Plaintiff David Kim explained his call to the school office and that he

had been advised to request the name of the staff member. He described that when he

subsequently requested the staff member's name, that there was yelling behavior by that staff

member who was disrespectful, and the behavior as well as the physical education teacher.

Plaintiff David Kim asked Board Chair Tymchuck to modify its policies to allow him to have

access to the disabled parking spaces and to stop the staff member from blocking his entrance to

the parking lot. Board Chair Tymchuck told Plaintiff David Kim that she could not help him.

Instead, Board Chair Tymchuck told Plaintiff David Kim to contact Monica Arbow, the principal

of Nancy Ryles Elementary School, or Arbow's supervisor, Kathleen Skidmore. Board Chair

Tymchuck did not refer Plaintiff David Kim to the District's Americans with Disabilities Act

Coordinator for assistance.

      33.    On Thursday, September 26, 2019, Plaintiff called Monica Arbow, the principal

of Nancy Ryles Elementary School, and left a message asking her to call him. That afternoon

Plaintiff David Kim received a return telephone call from Principal Arbow. Plaintiff David Kim

explained to Principal Arbow what he had told by Board Chair Tymchuk, that he was disabled,

that he had a disabled parking placard, that he was the parent of a kindergarten student, and that

he had been denied access to the disabled parking spaces in the school parking lot. Plaintiff

David Kim also explained the behavior of the staff members. Principal Arbow told Plaintiff

David Kim that the staff member who had spoken to him on September 24 and 25 was Jane

Roche, a para-educator. Principal Arbow told Plaintiff David Kim that he could park in the

disabled parking space to pick up his daughter only if he showed up after all of the other students

had left for the day. Arbow said that she would keep Plaintiff's daughter in the school office and

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

that he could pick her up there. In doing so, Defendant discriminated further against Plaintiff David Kim by subjecting him to a different set of rules than non-disabled parents of students are subjected to, since non-disabled parents may pick up their children at 3:05 p.m. when school is dismissed, and leave as soon as their children are in their vehicles. Principal Arbow did not refer Plaintiff David Kim to the District's Americans with Disabilities Act Coordinator.

34.    On Thursday, September 26, 2019, Plaintiff David Kim followed Arbow's instructions went to Nancy Ryles Elementary School to pick up his daughter after all the other students had left. As always, Plaintiff David Kim displayed his state-issued disabled parking permit. A police officer was present that day and told Plaintiff David Kim he could enter the parking lot. As Plaintiff David Kim parked in the disabled parking space, he saw Jane Roche and the physical education teacher, Joseph Hess, standing outside the school. Roche and Hess stood staring at Plaintiff David Kim in a hostile manner as he walked into the school with his cane to pick up his daughter. EK was confused about why she was brought to the office rather than leaving school with the rest of her classmates. Plaintiff is without personal knowledge as to why a police officer was present. However, that day a school secretary told Plaintiff David Kim and his wife that the police officer was present because Jane Roche had called the police. After September 26, 2020, Defendant continued to deny Plaintiff David Kim access to the disabled parking spaces to drop off and pick up his child.

35.    On Thursday, October 3, 2019, Plaintiff drove to Nancy Ryles Elementary School after the other children had left to pick up EK. That day, school staff put an orange traffic cone on the entrance to the parking lot from the public. School staff denied Plaintiff David Kim entrance to the disabled parking spaces. After this incident, Esther Kim contacted the school to make an appointment with Principal Arbow to discuss David Kim being denied access to

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

disabled parking. When Esther Kim was trying to make the appointment, the Principal's

secretary, Jessica Newson, told Esther Kim that the schools had decided on a new set of rules for

David Kim. Newson said "If Mr. Kim wants to use the disabled parking space, and then he must

arrive before 2:45 p.m. He will have to stay in the disabled parking spot until after all the school

buses have left, which will be around 3:10 p.m." In doing so, Defendant discriminated further

against Plaintiff David Kim by subjecting him to a different set of rules than non-disabled

parents of students are subjected to, since non-disabled parents do not have to arrive early to

school to pick up their children, may pick up their children at 3:05 p.m. when school is

dismissed, and leave as soon as their children are in their vehicles.

36.      On Monday, October 7, 2019, Plaintiff David Kim and Esther Kim met with

Principal Arbow. Plaintiff David Kim talked through what had been occurring since September

23, 2019. Principal Arbow repeated the rules Jessica Newton had said the day prior before.

Arbow told David Kim that she had decided not to grant Plaintiff David Kim access to the

disabled parking spaces to pick up his daughter unless he arrived before 2:45 p.m. and agreed to

stay until after the school bus left which she said would be sometime after 3:10 p.m. Plaintiff

David Kim told Principal Arbow that she was imposing rules on him that were less favorable

than what non-disabled parents could do. Principal Arbow told Plaintiff David Kim that if he was

unhappy with her decision then his only option was to file a complaint with the Oregon

Department of Education. This was false advice. Principal Arbow did not refer Plaintiff David

Kim to the District's Americans with Disabilities Act Coordinator.

37.      After several attempts to obtain assistance from the Oregon Department of

Education, on October 17, 2019, Plaintiff David Kim finally had a conversation with an

employee of the Oregon Department of Education. That employee told Plaintiff David Kim that

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

District Board Chairperson Tymchuck was claiming that a "Ms. Skidmore" had already

contacted Plaintiff David Kim on September 30, 2019, and had worked everything out that day.

Plaintiff David Kim told the Oregon Department of Education's staff member that Board Chair

Tymchuck's assertion was incorrect and that he had never spoken to Ms. Skidmore.

38.     Shortly after Plaintiff David Kim spoke to the Oregon Department of Education,

he suddenly received a call from a District staff member who identified herself as Ms.

Skidmore's assistant. The assistant then made an appointment for David Kim to speak with Ms.

Skidmore by telephone on October 21, 2019.

39.     On Monday, October 21, 2019, Esther Kim met with Principal Arbow. During

their meeting, Principal Arbow told Esther Kim that Jane Roche was accusing Plaintiff David

Kim of threatening her. When Esther Kim described what she had seen occur on September 24,

2019, Principal Arbow then said "Jane Roche knocking on your car door is normal." Esther Kim

replied "She spoke out loud about my husband's disability. That's not right because that's a

public parking spot and Ms. Roche yelled at my husband before the other students and parents.

Me, my daughter, and many other parents heard." Principal Arbow then inexplicably said "I am

not on any side. I just keep moving forward." Esther Kim said "You are moving forward? What

about my husband's experience? He was bullied by your staff before the other kids and parents.

Ms. Roche yelled at him. My daughter who is only in kindergarten saw and heard that woman

yell at her daddy. If you want to keep moving forward you should apologize to my husband. That

is the first step." Later that day, Plaintiff David Kim contacted Principal Arbow by telephone and

said "You met my wife today morning. Did you tell her that I had threatened Jane Roche?"

Principal Arbow said "Yes." Plaintiff David Kim said "I did not threaten her. I just sat on the

driver seat in my car and then Ms. Roche approached me and told me to park somewhere else.

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

The next day I just asked for her name and position because your school office asked me to do so." Arbow responded in an irritated manner saying she did not want to talk to David Kim anymore and hung up on him. Also on October 21, 2019, David and Esther Kim spoke to Ms. Skidmore by telephone. They explained David Kim's disabilities, the denial of accommodations, and the behavior of school employees. Ms. Skidmore asked David and Esther Kim to meet with her in person on October 23, 2019.

40.    On Tuesday, October 22, 2019, Plaintiff David Kim spoke with the Oregon Department of Education Civil Rights Division again. He explained that Ms. Skidmore had not helped him. The Oregon Department of Education Civil Rights Investigator told Plaintiff David Kim that his only option was to contact Defendant's Deputy Superintendent Ginny Hansmann.

41.    On Wednesday, October 23, 2019, Plaintiff David Kim sent an e-mail to Deputy Superintendent Hansmann. That same day Plaintiff David Kim and his wife also met with Kathleen Skidmore at the District office. Plaintiff David Kim told Ms. Skidmore that he had disabilities, that he had a disabled parking permit, that he had requested the accommodation of using the disabled parking spaces, and that he was being blocked from using disabled parking. He described his contact with Jane Roche and Mr. Hess, as well as the restrictions that were being placed on his use of the disabled parking space by the Principal. Ms. Skidmore said she would talk with the Nancy Ryles Principal and she would try to solve the problem. Plaintiffs never heard from Ms. Skidmore again even though they sent an email to her the next day. Skidmore did not refer Plaintiff David Kim to the District's Americans with Disabilities Act Coordinator.

42.    On Thursday, October 24, 2019, Plaintiff David Kim sent an e-mail to Kathleen Skidmore and Beaverton School District Board Chairman Becky Tymchuck requesting that their

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

daughter be allowed to transfer to another elementary school. Skidmore and Tymchuk did not respond.

43.     On Monday, October 28, 2019, Plaintiff David Kim and Esther Kim received a call from Jessie Newton at Nancy Ryles Elementary School. Ms. Newton said that their request for a school transfer for their daughter was denied. Because Deputy Superintendent Hansmann did not answer Plaintiff David Kim's October 23, 2019 e-mail, Plaintiff David Kim and Esther Kim spoke with the Board Chair Tymchuck by telephone that day. Board Chair Tymchuck said that Plaintiff David Kim and Esther Kim could not appeal the denial of school transfer even though the Beaverton School District website provides that the final step of any parental complaint is Board review. Board Chair Tymchuck said that the Board did not have a complaint, investigation, and appeal process. Board Chair Tymchuck then gave Plaintiff David Kim and his wife ridiculous advice, saying "If you really want to send your daughter to Scholls Heights Elementary, you should sell your house, purchase a home nearby to that school, rent a home there, or have your daughter's permanent address moved to a friend's home if your friend is living nearby that school. And you if don't like Nancy Ryles Elementary and you don't want to move, then you can choose a different option such as homeschooling, online school, or private school." Plaintiff David Kim said "How can you say that? You are the Beaverton School Board Chair. You are telling me that I have to choose homeschooling or online schooling for my kid? You didn't solve the problem. We had contacted you lots of times but you have ignored us for more than a month." Board Chair Tymchuk said "Mr. Kim, I don't want to have this conversation with you anymore. If you think you have been discriminated against you have to contact the Oregon Department of Education and ask them to help. I know you have already

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

contacted the Oregon Department of Education." Tymchuck then said to Esther Kim, "I cannot

help you. You can choose homeschooling or online schooling or private school."

44.     Plaintiff David Kim contacted the Oregon Department of Education again about

his disability discrimination and his concern about the District not allowing his daughter to

transfer. The Oregon Department of Education told Plaintiff David Kim that he had not had

"local processing with the District" and he needed to follow the District investigation and appeal

process. Plaintiff David Kim supplied the Oregon Department of Education an email from Board

Chair Tymchuk in which she wrote "The school board does not investigate complaints. Most

complaints are resolved with staff. The school board does not rule on staff decisions. The day to

day operation of the school district is managed by staff and not the school board. Our role is

financial oversight, policy, and curriculum adoption."

45.     On Tuesday, October 29, 2019, Plaintiff David Kim and Esther Kim visited

Scholls Heights Elementary School to inquire whether they could transfer their daughter to that

school. They learned from the office staff at Scholls Elementary that on October 28, 2019, the

principal of Nancy Ryles Elementary School had unenrolled their daughter from elementary

school and changed their daughter to "home school" status. Since the end of October 2019, EK

has been homeschooled by David and Esther Kim which is not what they wanted for their

daughter.

46.     On Thursday, October 31, 2019, Plaintiff David Kim was again denied access to a

disabled parking space at Nancy Ryles Elementary. Plaintiff David Kim and his wife then met

Deputy Superintendent Hansmann at the Beaverton School District office. They explained to

Hansmann everything that had occurred. Hansmann said that she would talk to the Nancy Ryles

principal and try to solve the problem.

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

47.     On Monday, November 4, 2019, Plaintiff David Kim went to Nancy Ryles Elementary School to pick up his daughter. Although he arrived at the school before 2:45 p.m. Defendant denied Plaintiff David Kim access to a disabled parking space. There was already a sign in the driveway and a staff member prevented him from entering the parking lot.

48.     On the morning of Thursday, November 14, 2019, Plaintiff David Kim went to Nancy Ryles Elementary School to retrieve his daughter's possessions. Defendant blocked Plaintiff David Kim from entering the parking lot to park in the disabled parking spaces. Plaintiff David Kim had to go home and make a second trip to the school in the afternoon to retrieve his daughter's possessions.

49.     On February 27, 2020, Plaintiff David Kim's then-attorney, Kevin C. Brague, mailed a tort claim notice to Defendant addressed to Superintendent Don Grotting and Camila Osterink, General Counsel, Beaverton School District, 16550 SW Merlo Rd., Beaverton, Oregon 97003.

50.     Plaintiff David Kim's claim under Oregon law is timely filed. Effective June 30, 2020, House Bill 4212 extends the statute of limitations for claims that have expired or will expire during the state of emergency declared by Oregon's Governor Kate Brown in response to the COVID-19 pandemic. The period of the state of emergency began on March 8, 2020, and has recently been extended.

## VI. CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

### (Americans with Disabilities Act—Title II: 42 U.S.C. §12182 et seq.)

51.     Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

52.     Defendant is a "public entity" under 42 U.S.C. § 12131(1)(B).

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

53.    28 C.F.R. § 35.130 General prohibitions against discrimination provides:

(a) No qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity.

(b) A public entity, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of disability -

(i) Deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service;

(ii) Afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others;

(iii) Provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others;

(iv) Provide different or separate aids, benefits, or services to individuals with disabilities or to any class of individuals with disabilities than is provided to others unless such action is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others;

PAGE 21 – COMPLAINT AND DEMAND FOR
JURY TRIAL

54.     Defendant is required to make reasonable modification to its policies, practices and procedures to avoid discrimination pursuant to 28 C.F.R. § 35.130(b) (7) (i).

55.     Plaintiff David Kim is a "qualified individual with a disability." At all relevant times, Defendant was aware of Plaintiff David Kim's physical disability.

56.     The Code of Federal Regulations requires that a public entity provide proper notice of its protections against discrimination assured by the ADA, 28 C.F.R. § 35.106, which Defendant did not do.

57.     Defendant has damaged Plaintiff David Kim in violation of 42 U.S.C. §12132 and its accompanying regulations by committing the following discriminatory acts or practices:

(a)     By failing to conduct an informed assessment of Plaintiff David Kim's needs for accommodation;

(b)     Defendant failed to regularly provide Plaintiff David Kim with access to a disabled parking space on Nancy Ryles Elementary School property to allow him to pick up his child, a student at that school, at the same time and under the same degree of convenience afforded to other parents;

(c)     Defendant intentionally denied Plaintiff David Kim access to public parking at Nancy Ryles Elementary School;

(d)     Defendant failed to engage in an interactive process with Plaintiff David Kim;

(e)     Defendant failed to allow Plaintiff David Kim to transfer his child from Nancy Ryles Elementary to another school in the District which Plaintiff David Kim requested to avoid conflict;

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

(f)    Defendant suggested that Plaintiff David Kim home school his child rather than providing Plaintiff David Kim with the requested accommodations.

(g)    By failing to give primary consideration of and deference to Plaintiff David Kim's accommodation requests or failing to provide an appropriate alternative accommodation;

(h)    By failing to make information available to Plaintiff David Kim regarding his rights under the ADA and § 504;

(i)    By failing to direct Plaintiff David Kim to an ADA coordinator to assist him, if Defendant has such a coordinator;

(j)    By failing to make a process for Plaintiff David Kim to follow to contact the ADA coordinator known to him and to other people with Disabilities.

58.    Defendant harmed Plaintiffs by failing to provide Plaintiff David Kim with its services as alleged above. Plaintiff EK's claim is associational in nature; to wit, she was harmed by virtue of her association with her father Plaintiff David Kim. EK was excluded from the services of Defendant because of her association with Plaintiff David Kim in violation of Title II.

59.    Defendant acted with deliberate indifference to Plaintiffs' rights and thus Plaintiffs are entitled to money damages.

60.    Plaintiffs are entitled to injunctive relief, including, but not limited to, an order prohibiting Defendant from discriminating against plaintiffs and other persons with disabilities and an order mandating full compliance with Title III of the ADA.

61.    Plaintiffs are entitled to a declaration that the Defendant violated Title II of the ADA.

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

62.     Pursuant to 42 U.S.C. §§ 1988 and 2000e-5, Plaintiffs are entitled to an award of attorney's fees, expert witness fees, and costs incurred.

### SECOND CLAIM FOR RELIEF

### (Section 504 of the Rehabilitation Act of 1973)

63.     Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

64.     Plaintiff David Kim is a qualified individual with a disability or handicap under the Rehabilitation Act.

65.     Plaintiff David Kim was otherwise qualified to receive the benefit of the services made available to the parents of students enrolled in Defendant District.

66.     At all times material, Defendant was and is a recipient of federal financial assistance for its programs and activities.

67.     Defendant's actions and omissions as described above violated Plaintiffs' rights under the Rehabilitation Act by excluding them or denying them the benefits of Defendant's services solely because of Plaintiff David Kim's disability.

68.     Defendant's conduct showed deliberate indifference to Plaintiffs' rights.

69.     Defendant sustained emotional distress and damages due to Defendant's violation of the Rehabilitation Act.

70.     Plaintiffs are entitled to injunctive relief, including, but not limited to, an order prohibiting Defendant from discriminating against Plaintiffs and other persons with disabilities and an order mandating full compliance with Section 504 of the Rehabilitation Act.

71.     Plaintiffs are entitled to a declaration that the Defendant violated Section 504 of the Rehabilitation Act.

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

72.     Pursuant to Section 505 of the Rehabilitation Act, Plaintiffs are entitled to money damages and an award of attorney fees and costs.

**THIRD CLAIM FOR RELIEF**

**(ORS 659A.142 and ORS 659A.143 – Race, national origin, and disability discrimination –**

**David Kim)**

73.     Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

74.     Defendant is a "place of public accommodation" as that term is defined in ORS 659A.142 and ORS 659A.143.

75.     Plaintiff David Kim is a "disabled person" as defined at ORS 659A.104(1).

76.     At all relevant times, Defendant was aware of Plaintiff David Kim's disabilities.

77.     Plaintiff David Kim's race is Asian. Plaintiff David Kim's national origin is South Korean.

78.     Defendant discriminated against Plaintiff David Kim as alleged above on the basis of disability, race, and national origin.

79.     Plaintiff is entitled to injunctive relief, including, but not limited to, an order prohibiting Defendant continued discrimination against people with disabilities, on the basis of race, and on the basis of national origin, and an order mandating full compliance with ORS 659A.142 and ORS 659A.143.

80.     Plaintiff is entitled to an award of compensatory damages.

81.     Plaintiffs is entitled to a declaration that the Defendant violated ORS 659A.142 and ORS 659A.143.

82.     Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is entitled to an award of attorney's fees and costs and disbursements.

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

## VII. PRAYER FOR RELIEF

Plaintiffs seek judgment against Defendant and requests that this Court enter an Order as follows:

A.      Accepting jurisdiction of this case and declaring that Defendant violated Title III of the ADA;

B.      Accepting jurisdiction of this case and declaring that Defendant violated Section 504 of the Rehabilitation Act of 1973;

C.      Injunctive and other equitable relief as the Court deems appropriate, including, but not limited to, an Order requiring Defendant to provide access to disabled parking spaces; to provide access at times that non-disabled parents may pick up their children, requiring Defendant to appoint and train ADA coordinators; to make the existence of the ADA coordinator or coordinators known to parents with disabilities, and a process to follow to contact the coordinator, known to people with Disabilities;

D.      To require Defendant to establish a policy and procedure for ensuring that parents with Disabilities can parking in disabled parking spaces when picking up and dropping off their children for school;

E.      A sum which will fully compensate Plaintiffs for their noneconomic damages in a sum that is just as determined by a jury;

F.      A sum which will fully compensate Plaintiffs for their economic damages in a sum that is just as determined by a jury;

G.      Plaintiffs' costs and disbursements incurred herein;

H.      Plaintiffs' attorneys' fees; and

/////

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

I.      For such other and further relief as the Court may deem just and equitable.

**Plaintiffs demand a trial by Jury.**

DATED: November 20, 2020

LAW OFFICES OF DANIEL SNYDER

*/s/ Daniel Snyder*
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 061058
carlpost@lawofficeofdanielsnyder.com
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Of Attorneys for Plaintiff David Kim

PAGE 27 – COMPLAINT AND DEMAND FOR
JURY TRIAL