IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVID KIM** and **ESTHER KIM**, *individually, and as guardian ad litem for* **EK,** *her minor child*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**BEAVERTON SCHOOL DISTRICT 48J**,<br><br>　　　　　Defendant. | Case No. 3:20-cv-2025-SI<br><br>**OPINION AND ORDER** |

Daniel J. Snyder, Carl Post, and John Burgess, LAW OFFICES OF DANIEL SNYDER, 1000 S.W. Broadway, Suite 2400, Portland, Oregon 97205. Of Attorneys for Plaintiffs.

Naomi Levelle Haslitt and Iván Resendiz Gutierrez, MILLER NASH LLP, 111 S.W. Fifth Avenue, Suite 3400, Portland, Oregon 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

　　　　Defendant's Answer, Affirmative Defenses, and Defenses (Answer) assert 13 defenses. ECF 36. Under Rule 12(f), Plaintiffs move to strike all but Defendant's first and second defenses. In the alternative, Plaintiffs move under Rule 12(e) to make more definite and certain Defendant's eighth and twelfth defenses. In response, Defendant agrees to strike its fourth, fifth,

PAGE 1 – OPINION AND ORDER

seventh, tenth, and thirteenth defenses. Defendant also agrees to amend its Answer to add factual allegations to support its eighth, ninth, eleventh, and twelfth defenses. Thus, remaining before the Court is Plaintiffs' motion to strike Defendant's third, sixth, eighth, ninth, eleventh, and twelfth defenses.

An answer must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). The party must state such defenses "in short and plain terms." Fed. R. Civ. P. 8(b)(1)(a). Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike an affirmative defense, either *sua sponte* or on a motion, if it presents an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." (simplified)).

Rule 12(f) provides that courts may strike affirmative defenses that are "insufficient." "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010), *overruled on other grounds*, *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th

Cir. 2016) (en banc) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "[T]he 'fair notice' required by the pleadings standards only requires describing the defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)).

Rule 12(f) also provides courts may strike affirmative defenses that are "immaterial" or "impertinent." An "immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc.*, 984 F.2d at 1527 (quoting C. Wright, A. Miller, et al., 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2013)). "Impertinent" matters are those "that do not pertain, and are not necessary, to the issues in question." *Id.* Such pleadings are legally insufficient because they clearly lack merit "under any set of facts the defendant might allege." *Polk v. Legal Recovery L. Offs.*, 291 F.R.D. 485, 489 (S.D. Cal. 2013) (citation and quotation marks omitted).

Defendant argues as a threshold matter that the Court should deny Plaintiffs' motions because the parties had not yet finished their conferral before Plaintiffs filed their motions. Both parties assert, however, that they met and conferred by telephone on January 6, 2022, and that they continued to communicate by email about Defendant's defenses on January 10th and 11th. Plaintiffs filed their motions on January 18, 2022, the deadline to file a motion to strike. *See* Fed. R. Civ. P. 12(f)(2). The Court concludes that the parties adequately met and conferred before Plaintiffs filed their motions. Thus, Plaintiffs' motions satisfy Local Rule 7-1. The Court addresses Plaintiffs' motion to strike the remaining disputed defenses in turn.

Defendant contends that its third defense, "Failure to Request Accommodation," is a negative defense and therefore properly asserted as a defense in its Answer. Rule 8, however, only requires that parties assert "affirmative" defenses in responsive pleadings. Fed. R. Civ.

PAGE 3 – OPINION AND ORDER


P. 8(c)(1); *see also Unigestion Holding, S.A. v. UPM Tech., Inc.*, 305 F. Supp. 3d 1134, 1143-44 (D. Or. 2018) ("Because UPM's first and second affirmative defenses are in fact negative defenses, rather than affirmative defenses, it is proper to strike them."). The Court grants Plaintiffs' motion to strike Defendant's third defense.

Plaintiffs argue that Defendant's sixth defense, "Due Deference to the Judgment of Education Officials," is not an affirmative defense under the Americans with Disabilities Act. Defendant responds that in *Union School District v. Smith*, the Ninth Circuit stated that it gives deference to the policy decisions of school districts. 15 F.3d 1519, 1524 (9th Cir. 1994). Defendant also cites federal district court cases that give deference to the decisions of school district professionals for Individuals with Disabilities Education Act claims. Defendant's "Due Deference" defense is not an affirmative defense but rather a legal argument about the application of the ADA. The Court grants Plaintiffs' motion to strike Defendant's sixth defense, without prejudice to Defendant's ability to argue that appropriate deference should be given to decisions of school district professionals.

Plaintiffs argue that the Court should strike Defendant's eighth, ninth, eleventh, and twelfth defenses because Defendant failed to allege facts to support those defenses. Defendant, however, has agreed to amend its Answer to add factual allegations to support those defenses. The Court therefore denies Plaintiffs' motion to strike those defenses.

The Court denies Plaintiffs' motion to make more definite and certain as moot because Defendant agreed to amend its Answer to add factual allegations to support its eighth and twelfth defenses.

The Court GRANTS IN PART AND DENIES IN PART Plaintiffs' motion to strike (ECF 39). The Court DENIES Plaintiffs' motion to make more definite and certain (ECF 39). Defendant may amend its Answer within two weeks of the date of this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 28th day of February, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge